IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH W. GRAY,<br><br>    Plaintiff,<br><br>  v.<br><br>R. SALAO; SERGEANT WILLIAMS; T. SMITH; CAPTAIN MUNIA; SERGEANT B. PETERSON; LIEUTENANT R.H. BOCELLA; CHIEF DEPUTY WARDEN B. HENDRICK; CAPTAIN G. BIAGGINI; PARK, M.S.W. ; DRUG TESTING COORDINATOR DAMONS;<br><br>    Defendants.<br>                                          / | No. C 10-3474 WHA (PR)<br><br>**ORDER OF SERVICE; REFERRING CASE TO FEDERAL PRO BONO PROJECT** |

## INTRODUCTION

Plaintiff, a California prisoner proceeding pro se, has filed a civil rights complaint under 42 U.S.C. 1983 against employees of Salinas Valley State Prison ("SVSP") where plaintiff is incarcerated. Plaintiff has been granted leave to proceed in forma pauperis in a separate order.

## STATEMENT

Plaintiff alleges that on December 15, 2009, defendant T. Smith searched plaintiff's cell and found a substance that Smith and other defendants believed to be heroin. Plaintiff informed them that it was artificial sweetener. Defendant R. Salao tested the substance that afternoon and, and the direction of defendant Williams, falsely indicated that it was a controlled substance instead of sweetener. Plaintiff was put into administrative segregation the next day pending an

investigation. At hearings that day and one week later, plaintiff reiterated that the substance was only sweetener, but defendants informed him that the substance was being tested in a lab and if the results were negative for drugs then plaintiff would be released. The lab results were returned to SVSP on February 24, 2010, and they indicated that the substance was not in fact drugs. Plaintiff was released from Administrative Segregation on April 1, 2010.

Plaintiff claims that defendants Williams, Salao and Smith were retaliating against him for the "many" administrative grievances that he has filed. He also claims that defendants violated his right to due process keeping him in administrative segregation for approximately three and a half months based on false evidence that the substance found in his cell was drugs.

## ANALYSIS

**A.    STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only" give the "defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.*

2

at 1986-87.

To state a claim under 42 U.S.C. 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.   LEGAL CLAIMS**

Plaintiff's allegations, when liberally construed, state cognizable claims for relief against defendants for violating his right to due process and for retaliating against him for his filing "many" inmate grievances in violation of his First Amendment rights.

## CONCLUSION

1. The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint in this matter, the January 28, 2010 Order of Service, and a copy of this order upon defendants Investigative Squad Unit Officer # 5 R. Salao; Delta 7 Correctional Sergeant Williams; Correctional Officer T. Smith; Delta 7 Facility Captain Munia; Delta 7 Correctional Sergeant B. Peterson; Delta 7 Lieutenant R. Bocella; Chief Deputy Warden B. Hendrick; Delta Facility Captain G. Biaggini; Park, M.S.W; and Drug Testing Coordinator Damons at Salinas Valley State Prison. A courtesy copy of the complaint and this order shall also be mailed to the California Attorney General's Office.

2. Good and just cause appearing, plaintiff is referred to the Federal Pro Bono Project for location and of pro bono counsel. Upon an attorney being located to represent plaintiff, that attorney shall be appointed as counsel for plaintiff in this matter until further order of the court. All proceedings in this action, except the service of defendants as ordered herein, are stayed until four weeks from the date an attorney is appointed to represent plaintiff in this action.

**IT IS SO ORDERED.**

Dated: September  27 , 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.10\GRAY3474.SRV&APT.wpd

3